IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, Plaintiff, | § § § § | |
| VS. | § § | CIVIL ACTION NO. G-14-0348 |
| ORANGE ENERGY CORPORATION, Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Phillip David Haskett, has filed a motion to transfer this case from the Houston division to a magistrate judge in the Galveston Division. (Docket Entry No. 13). Haskett, who has filed a number of cases raising similar allegations against different defendants, argues that it is inconvenient for him to travel from his home in San Leon to Houston for hearings, that Houston is dangerous to visit, and that this court is biased against him. The defendants oppose this motion. (Docket Entry No. 17).

Haskett frames his motion as one to transfer venue from the Houston Division to the Galveston Division under 28 U.S.C. § 1404(a). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This case remains assigned to the Galveston Division of the Southern District of Texas, where Haskett originally filed it. Because there is currently no district judge assigned to the Galveston Division, this case, like all other cases filed in Galveston, was assigned to a judge who sits in the Houston Division, but the case remains pending in the Galveston Division.

1

Haskett argues that a magistrate judge in Galveston could preside over this case, and has consented to the magistrate judge's jurisdiction. Orange Energy has not consented to proceed before a magistrate judge. A case cannot be transferred to a magistrate judge for resolution unless all parties agree. *See Caprera v. Jacobs*, 790 F.2d 442, 444–45 (5th Cir. 1986). The court cannot grant Haskett the relief he seeks.[1]

Haskett also argues that the case should be transferred to another judge based on the bias of the presiding judge. The basis for this motion is the fact that this judge has dismissed two similar complaints Haskett has filed against other defendants.

A party may move to recuse a judge under either 28 U.S.C. § 144 or 28 U.S.C. § 455. Section 144 relates to charges of actual bias or prejudice, while § 455(a) covers an appearance of bias or prejudice. *See Liteky v. United States,* 510 U.S. 540, 547–48 (1994); *Matassarin v. Lynch,* 174 F.3d 549, 570 (5th Cir.1999); *Henderson v. Dep't of Pub. Safety & Corr.,* 901 F.2d 1288, 1296 (5th Cir.1990). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] Even if the case had been transferred to the Houston Division, venue would also be proper here. *See United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 658 (5th Cir. 2014) ("If venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division."). The only factor Haskett has identified that would weigh in favor of trying the case in Galveston is his own convenience.

Haskett argues that a magistrate judge in Galveston could preside over this case, and has consented to the magistrate judge's jurisdiction. Orange Energy has not consented to proceed before a magistrate judge. A case cannot be transferred to a magistrate judge for resolution unless all parties agree. *See Caprera v. Jacobs*, 790 F.2d 442, 444–45 (5th Cir. 1986). The court cannot grant Haskett the relief he seeks.[1]

Haskett also argues that the case should be transferred to another judge based on the bias of the presiding judge. The basis for this motion is the fact that this judge has dismissed two similar complaints Haskett has filed against other defendants.

A party may move to recuse a judge under either 28 U.S.C. § 144 or 28 U.S.C. § 455. Section 144 relates to charges of actual bias or prejudice, while § 455(a) covers an appearance of bias or prejudice. *See Liteky v. United States,* 510 U.S. 540, 547–48 (1994); *Matassarin v. Lynch,* 174 F.3d 549, 570 (5th Cir.1999); *Henderson v. Dep't of Pub. Safety & Corr.,* 901 F.2d 1288, 1296 (5th Cir.1990). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] Even if the case had been transferred to the Houston Division, venue would also be proper here. *See United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 658 (5th Cir. 2014) ("If venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division."). The only factor Haskett has identified that would weigh in favor of trying the case in Galveston is his own convenience.

28 U.S.C. § 144.  The threshold requirement under § 144 is that a party file an affidavit demonstrating personal bias or prejudice against that party by the district judge.  *Parrish v. Bd. of Comm'rs of the Ala. State Bar,* 524 F.2d 98 (5th Cir. 1975) (en banc).  "Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged."  *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 517 F.2d 1044, 1051 (5th Cir. 1975) (citations omitted); *see also Berger v. United States,* 255 U.S. 22 (1921).  Haskett has not satisfied the requirement of filing an affidavit demonstrating bias or prejudice.

Section 455 requires a judge to disqualify when "his [or her] impartiality might reasonably be questioned."  28 U.S.C. § 455.  The appearance of impartiality controls the § 455 analysis, not whether a judge subjectively believes herself to harbor bias or prejudice.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988).  An objective standard for evaluating bias applies.  *See Andrade v. Chojnacki*, 338 F.3d 448, 454–55 (5th Cir. 2003). (citing *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991)).  Recusal is required under § 455(a) only if "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."  *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108 (2004).  A court's "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents," *id.* (citing *Sao Paulo State of Federative Rep. of Brazil v. Am. Tobacco Co.*, 535 U.S. 229 (2002)), which includes the origin of a judge's alleged bias.  *Id.* (citing *Liteky v. United States*, 510 U.S. 540 (1994)).  "As articulated by the Supreme Court, this rule more or less divides events occurring or opinions expressed in the

course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal." *Id.*

The only basis for Haskett's recusal motion is rulings in similar cases he has filed against companies who, like the defendant in the present case, did not hire him. Haskett claims that he was "subject[ed] to a merciless 'pencil-whipping' in the two cases previously assigned to [this court]," and that this court has permitted the defendants in those cases to "engage in an extensive campaign of *ad hominem* personal attacks having no relevance to the merits of the cases whatsoever, but which appear to have palpably prejudiced Judge Rosenthal against Plaintiff." (Docket Entry No. 13 at p. 5). Haskett also characterizes the fact that three of his cases have been assigned to this court as "Enemy Action." (*Id.*).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 114 S. Ct. at 1157. Judicial rulings are all Haskett cites. That is insufficient for the relief he seeks. When, as here, no extrajudicial source of bias is involved, judicial rulings may serve as the basis for disqualification only when they "display a deep-seated favoritism or antagonism that would make fair judgment impossible," which the Supreme Court has described as the "rarest of circumstances." *Liteky*, 114 S. Ct. at 1157. There is no such evidence here. An objective third party aware of all the facts could not reasonably question this judge's impartiality. Haskett's motion to transfer or reassign this case to another judge is denied.

SIGNED on April 20, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge