UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-348 |
| | § | |
| ORANGE ENERGY CONSULTANTS, | § | |
| LLP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants Scott Beckmen ("Beckmen"), Jeffery Crook ("Crook"), and Daniel Cherkassky ("Cherkassky"), individually, d/b/a Orange Energy Consultants, LLP ("Orange Energy," collectively with Beckmen, Crook, and Cherkassky "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 39). After considering the motion, the response, the reply, all relevant filings, and the applicable law, the Court **GRANTS** Defendants' motion, for the reasons set forth below.

## BACKGROUND

Plaintiff Phillip Haskett ("Haskett") is a Texas resident who appears in this lawsuit pro se.[1] *See* Dkt. 15, ("Pl.'s First Am. Compl."). Haskett alleged that he is a Registered

---

[1] Although Haskett is pro se, he is well familiar with the litigation process. Haskett has filed suit numerous times in this Court and others, bringing boilerplate claims of age discrimination and intentional interference with prospective employment against one company after another. *See, e.g., Haskett v. Percheron, LLC* et al, No. 3:14-cv-00257, filed July 24, 2014 (age discrimination based upon failure to hire Haskett from his response to on-line job postings); *Haskett v. T.S. Dudley Land Company, Inc. et al*, No. 3:14-cv-00277, filed August 27, 2014, (same, also seeking

1

Professional Landman, certified by the American Association of Professional Landmen. *Id.* at ¶ 16. As a landman, Haskett maintained a profile on the website "Landmen.net," "regularly applied" for employment through that website's "Looking for Work" bulletin board, and applied for job openings posted by Defendants by submitting his resume. *Id.* at ¶¶ 21-24. He alleges that Defendants unlawfully discriminated against him by refusing to hire him because of his age. *Id.* at ¶¶ 25-30, 33. In his Original Complaint, Haskett brought claims against Orange Energy as well as "Unknown Clients" and "Jon Doughs" for (1) "Failure to Hire in Violation of the Age Discrimination in Employment Act of 1976;" (2) "Declaratory Judgment;" and (3) "Respondeat Superior." *See* Dkt. 1, Original Complaint ("Pl.'s Compl.").

After Orange Energy Corporation, the successor entity to Orange Energy Consultants, LLP, filed a Motion to Dismiss under with Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), Haskett amended his Original Complaint in redline form, primarily inserting the now-named individual Defendants in the place of Orange Energy Consultants, LLP, allegedly due to a lapse in Orange Energy Consultants, LLP's registration with the Texas Secretary of State. *See* Dkt. 15, Pl.'s Am. Compl. The causes of action remain unchanged. *Id.* at ¶¶ 21-58.

---

declaratory judgment that contract landmen hired by Defendant are properly classified as "employees"); *Haskett v. Cinco Energy Management Group et al*, No. 3:14-cv-00280 (age discrimination, declaratory judgment, and intentional interference with prospective employment opportunities by Defendants); *Haskett v. Continental Land Resources, LLC et al*, No. 3:14-cv-00281 (age discrimination and declaratory relief claims); *Haskett v. Capital Land Services, Inc. et al*, No. 3:14-cv-00279 (age discrimination, declaratory judgment, and intentional interference with potential employment).

2

Defendants now move to dismiss all of Haskett's claims against them. *See* Dkt. 39. Defendants allege that Haskett fails to allege any particularized facts that would entitle him to relief from Defendants, "Unknown Clients", or "Jon Doughs." *See* Dkt. 39, p. 6. Defendants argue that Haskett's Amended Complaint consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.* The Court agrees.

### RULE 12(B)(6) STANDARD OF REVIEW

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 127 S.Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

(quoting *Twombly*, 127 S.Ct. at 1965). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 127 S.Ct. at 1966). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Ramming*, 281 F.3d at 161. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal quotations and citations omitted).

## ANALYSIS

Haskett contends that his First Amended Complaint "adequately states a claim under the more stringent pleading standards set out in [*Twombly*] and [*Iqbal*], precluding dismissal under Rule 12(b)(6). For the reasons explained below, the Court finds Haskett's First Amended Complaint severely deficient.

### A. ADEA Claim

The Court first turns to Haskett's claim that the Defendants failed to hire him in violation of the ADEA. To make a prima facie case of age discrimination, a plaintiff must show that: (1) he was within the protected class; (2) he was qualified for his position; (3)

4

he suffered an adverse employment decision; and (4) he was replaced by a younger worker or treated less favorably than similarly situated employees. *See Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013); *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).

In *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009), the Supreme Court held that a plaintiff alleging discrimination under the ADEA has the burden of proving that age was a "but-for cause" of the adverse employment action. *Id.* at 176. The Court contrasted the ADEA with other Title VII claims, which require only that a plaintiff prove that alleged discrimination was a "motivating factor" in the employment decision. *Id.* at 174.[2] Accordingly, the ADEA does not allow "mixed-motive" cases, and requires the more stringent "but-for" standard of proof. *Leal*, 731 F.3d at 411.

Under a notice pleading system, a plaintiff is not required to plead facts establishing a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). However, his pleadings must still allege a plausible claim for relief under the pleading standard set forth in *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 555. No plaintiff is exempt from his obligation to "allege facts sufficient to state all the elements of his claim." *Puente v. Ridge*, 324 Fed.

---

[2] Likewise the Supreme Court recently held that Title VII retaliation claims also require the more stringent "but-for" standard of proof. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2532-33, 186 L. Ed. 2d 503 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation, not [Title VII's] lessened causation test [applicable to status-based discrimination]. This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.").

5

App'x 423, 427 (5th Cir. 2009) (unpublished). While a pro se is held to a less stringent standard, even a liberally construed pro se complaint must set forth facts giving rise to a claim on which relief can be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). A complaint requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677.

In this case, Haskett alleges that he "regularly" applied for employment "as a landman to potential employers such as the Individual Defendants." *See* Dkt. 15, Pl.'s Am. Compl., ¶ 24. Haskett alleges that Jeffrey Crook called him after noticing his posting on the "looking for work" bulletin. *Id.* at ¶ 25. According to Haskett, after inquiring about his qualifications, Crook mentioned that he may have had a "due diligence position" available. *See id.* Next, Haskett alleges that he also discussed the type of project identified in the posting, his qualifications, and pay with Crook. *Id.* at ¶¶ 26-27. Shortly thereafter, Haskett received another call from Crook, requesting that he meet the Denver manager, Daniel Cherkassky. *Id.* at ¶ 28. At that meeting, Haskett asserts that "after taking one look" at him, Cherkassky "stated unequivocally that there was no due diligence position available." *Id.* at ¶ 29. Haskett therefore concluded that the Defendants were engaging in discriminatory hiring practices and that they made "a 'snap' decision…based on [his] apparent age." *Id.* at ¶ 30.

The Court finds Haskett's current pleading to be seriously deficient. In *Leal v. McHugh*, the Fifth Circuit found that the plaintiffs' complaint was "admittedly bare" and contained "few facts," but that it nonetheless contained enough information to create a plausible claim where plaintiffs' complaint established that: (1) plaintiffs were within a

protected class; (2) plaintiffs were qualified for the position in question; (3) plaintiffs were not selected; (4) a substantially younger individual received the job; and (5) one of the deciding officials stated that the department needed "new blood." *Leal* 731 F.3d at 413. Here, in contrast, Haskett has filed suit against Defendants without alleging that an individual substantially younger than he was hired or any articulated comments from the hiring official. As currently pled, Haskett's complaint merely alleges that he was not hired and fails to meet neither the notice requirement described in *Swierkiewicz* or the plausibility standard of *Twombly* and *Iqbal. See Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 555; *Swierkiewicz* 534 U.S. at 514.

Haskett pleads only that he sent job applications to Defendants, had a meeting, and he was not hired by Defendants. There is no connection between Haskett's non-hiring and his age, other than Haskett's speculation that his age must have been the cause. The Fifth Circuit has repeatedly held that the ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 926 (5th Cir. 2010); *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005); *Webster v. Tex. Eng'r Extension Serv.*, 204 F.3d 115, 115 (5th Cir. 1999). Absent mere factual support, Haskett's ADEA pleadings do not create a plausible claim for relief against Defendants. *See Iqbal* 556 U.S. at 678. Accordingly, Haskett's ADEA claim is DISMISSED.

**B. Declaratory Judgment**

Next, Haskett seeks a declaratory judgment that a landman is an "employee", not an independent contractor, and that the provisions of the ADEA therefore apply to landmen such as himself. *See* Dkt. 15, Pl.'s Am. Compl., ¶ 54-56. Defendants have responded that absent a case or controversy, Haskett has no jurisdiction for such a judgment.

It is well-settled that the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, does not grant federal jurisdiction, but instead depends on the existence of an "actual controversy." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Okpalobi v. Foster*, 244 F.3d 405, 434 (5th Cir. 2001). Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The federal Declaratory Judgment Act [however] ... does not create a substantive cause of action ... [it] is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *O'Neill v. CitiMortgage, Inc.*, No. 4:13-cv-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014). "Thus, a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas Cnty.*, 805 F. Supp.2d 322, 339 (S.D. Tex. 2011). In order for a court to grant declaratory relief, there must be a "substantial and continuing controversy between two

8

adverse parties" and "a substantial likelihood that [the plaintiff] will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

For purposes of determining Defendants' Rule 12(b)(6) motion, the Court has assumed that the ADEA is applicable to a landman such as Haskett. However, because Haskett does not present a plausible claim for relief under the ADEA, there is no actual controversy pending, and the Court therefore finds that it lacks jurisdiction to address Haskett's request for a declaratory judgment.

### C. Repondeat Superior

In his third claim for relief, Haskett alleges that "Unknown Clients of the Individual Defendants have instituted and promoted the hiring and employment practices complained of herein." *See* Dkt. 15, Pl.'s Am. Compl., ¶ 57-58. Defendants respond that such a claim is not directed towards them, and that Plaintiff has not stated a claim under which relief can be granted. *See* Dkt. 39, p.14. The Court agrees that Haskett's unsupported allegation that "Unknown Clients #1- #9" have instructed Defendants to conduct illegal hiring practices does not meet the plausibility requirements of *Iqbal*. Further, because Haskett's amended pleading has not established that he was subjected to discrimination on the basis of his age, Haskett cannot establish that the activities of "Unknown Clients" have injured him. Accordingly, the Court finds that Haskett's respondeat superior claim does not create a plausible claim for relief against Defendants.

## CONCLUSION

After careful consideration of the pleadings, the motion to dismiss, the record and evidence in this case, and the arguments of the parties, the Court finds that Defendants' Motion to Dismiss (Dkt. 39) should be **GRANTED**. Haskett's claims are **DISMISSED**, with prejudice, because further amendment would be futile.

**IT IS SO ORDERED.**

**Final judgment will be entered separately.**

SIGNED AT GALVESTON, TEXAS, on March \_11\_ 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE