United States District Court
Southern District of Texas
**ENTERED**
November 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-348 |
| | § | |
| ORANGE ENERGY CONSULTANTS, LLP, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This age-discrimination case was tried to a jury in June of 2018, and the jury returned a defense verdict. Specifically, the jury found both that: (1) the positions for which the plaintiff applied were independent contractor positions as opposed to employee positions (Dkt. 169 at p. 3); and (2) the plaintiff had not proven that, but for his age, the defendant would have hired him (Dkt. 169 at p. 5). Each finding was independent of the other finding. The plaintiff, Phillip David Haskett ("Haskett"), has been proceeding *pro se* for the entirety of the case and tried it himself.

Based on the jury's findings, the Court entered a final judgment in favor of the defendants on August 14, 2018 (Dkt. 178). Haskett mailed a notice of appeal on September 10, 2018; that notice was received, and is considered filed, on September 14, 2018 (Dkt. 179). *See Ludgood v. Apex Marine Corp. Ship Management*, 311 F.3d 364, 367 (5th Cir. 2002) ("It is further well established that a notice of appeal is effective on the date it is actually filed and is filed as of the date it is actually received by the court, not as of the date it is mailed.") (citation omitted). Under Federal Rule of Appellate

Procedure 4(a)(1), which requires the notice of appeal in a civil case to be filed with the district clerk within 30 days of the entry of the appealed-from judgment, Haskett's notice of appeal was filed one day too late. Haskett concedes as much (Dkt. 182 at p. 2), and indeed the Fifth Circuit has already dismissed Haskett's appeal for lack of jurisdiction (Dkt. 188). *See Robbins v. Maggio*, 750 F.2d 405, 408 (5th Cir. 1985) ("The time limitation for filing a notice of appeal is jurisdictional and lack of a timely notice mandates dismissal of an appeal."). On October 5, 2018, however, Haskett filed a motion for an extension of time to file his notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) (Dkt. 182), along with a request for free transcripts under 28 U.S.C. § 753(f) (Dkt. 183). The Court will grant the former and grant the latter in part.

**A. The request for an extension**

Under Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the time to file a notice of appeal if the appellant: (1) requests the extension no later than thirty days after the appellate deadline expires; and (2) shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). The extension may not go beyond the later of thirty days after the original appellate deadline or fourteen days after the entry of the order granting the extension. Fed. R. App. P. 4(a)(5)(C). According to the advisory notes to Federal Rule of Appellate Procedure 4, the excusable neglect and good cause standards

> are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

. . .

> If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension.
> Advisory Committee Notes to Fed. R. App. P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments.

A movant need only meet one of the standards to obtain an extension. *Id.*

Haskett contends that he has shown good cause for a one-day extension because "the post office indicated that [the notice of appeal] would arrive on Thursday, September 13th, which would have been exactly 30 days after the Court had entered final judgment" (Dkt. 182). Haskett supports this argument with a postal receipt showing that he mailed his notice of appeal from Flagstaff, Arizona on September 10 and that the "estimated delivery date" was "09/13/2018" (Dkt. 182 at p. 6). The defendants counter by contending that the good cause standard is inapplicable and that Haskett must satisfy the excusable neglect standard because he could have mailed the notice earlier and simply waited too long (Dkt. 189 at p. 3). Naturally, the defendants further contend that Haskett cannot establish excusable neglect.

The Court finds the defendants' interpretation of the excusable neglect standard too harsh. Assuming that the appropriate standard is indeed excusable neglect, the factors guiding the Rule 4(a)(5) analysis are set out in the Supreme Court's opinion in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998). Those factors are:

(1) danger of prejudice to the opposing party;

(2) the length of the delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the movant; and

(4) whether the movant acted in good faith.
*Pioneer*, 507 U.S. at 395.

Determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* Notably, the *Pioneer* Court "rejected the argument that excusable neglect was limited to errors caused by circumstances beyond the late-filing party's control" and held that the concept of excusable neglect "is somewhat elastic and may include inadvertent delays." *United States v. Clark*, 51 F.3d 42, 43 (5th Cir. 1995) (quotation marks omitted); *see also, e.g., Xu v. University of Texas MD Anderson Cancer Center*, No. 4:10-CV-3711, 2013 WL 6210641, at *1–3 (S.D. Tex. Nov. 27, 2013) (Ellison, J.) (granting a *pro se* appellant's Rule 4(a)(5) motion when she drove to the courthouse on the day on which her notice of appeal was due; encountered two traffic accidents along the way; and, on account of those accidents, arrived at the District Clerk's office after it had closed for the day).

The Court has considered the relevant factors and the caselaw and will grant Haskett's request for an extension under Rule 4(a)(5). Haskett went to the post office to mail his notice of appeal three days before his deadline, and representatives of the United States Postal Service told Haskett that his notice of appeal would arrive at the District Clerk's office on time. In reliance on their statement, Haskett did not order overnight or

expedited mail service; and, as it turned out, the notice arrived one day late. The reason for the untimely filing might have been within Haskett's control in the sense that he could have mailed the notice of appeal earlier, but Haskett's good-faith reliance on the Postal Service's estimate of its delivery time establishes that his neglect was excusable. *See Ramseur v. Beyer*, 921 F.2d 504, 507 (3d Cir. 1990) (citing cases from the First, Third, Fifth, and Eleventh Circuits) ("[C]ases have found untimely notices of appeal to be valid by reason of excusable neglect when they are mailed at such a time and in such a manner that, under normal circumstances, the district court would have received them in a timely fashion."). Rather than requiring Haskett to refile his notice of appeal, the Court will grant an extension under Federal Rule of Appellate Procedure 4(a)(5) and consider Haskett's notice of appeal timely filed.

**B. The request for free transcripts**

Haskett has also requested transcripts at government expense under 28 U.S.C. § 753(f). The Court will grant this request in part.

Section 753(f) provides, in relevant part, that

> [f]ees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge . . . certifies that the appeal is not frivolous (but presents a substantial question).
> 28 U.S.C. § 753(f).

This Court hereby certifies that Haskett's appeal from the final judgment in this case is not frivolous and presents a substantial question. But Section 753(f), even when triggered by a substantial-question certification, does not obligate the government "to automatically supply a complete verbatim transcript." *Moore v. Wainwright*, 633 F.2d

406, 408 (5th Cir. 1980); *see also Lamb v. Mendoza*, No. C-07-449, 2011 WL 13185727, at *2 (S.D. Tex. Feb. 16, 2011), *adopted*, 2011 WL 13186006 (S.D. Tex. Apr. 8, 2011). The government need only pay for parts of the transcript that are "germane to consideration of the appeal" and need not "waste its funds by providing what is unnecessary for adequate appellate review." *Moore*, 633 F.2d at 408 (quoting *Draper v. Washington*, 372 U.S. 487, 495–96 (1963)). And "[t]o the extent [that a] plaintiff wants to search through the transcript to find instances to support his theory of liability, he may not do so at the government's expense." *Lamb*, 2011 WL 13185727, at *3 (citing *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982)).

Although Haskett has requested transcripts of every hearing in this case as well as the three-day jury trial, his request for free transcripts only "contends that he was never allowed to obtain full and fulsome discovery on all issues" (Dkt. 183 at p. 2). Based on Haskett's description of his appellate complaints, then, the only portions of the transcript that are germane to consideration of Haskett's appeal are the portions dealing with Haskett's attempts to convince this Court to compel the defendants to respond to Haskett's discovery requests. The docket sheet in this case reflects that the Court ruled on discovery-related matters at two hearings during the pendency of this case: (1) a hearing on September 15, 2017 at which the Court granted a motion to quash and a motion for a protective order filed by the defendants (Dkt. 93); and (2) a two-hour hearing on April 2, 2018 at which the Court denied a motion to compel filed by Haskett (Dkt. 129). The Court also discussed the limits and timing of discovery requests and responses at a

scheduling conference held on June 13, 2017 (Dkt. 76). Haskett may obtain transcripts of those three hearings at government expense.

**C. Conclusion**

The Court **GRANTS** Haskett's motion for an extension of time under Federal Rule of Appellate Procedure 4(a)(5) (Dkt. 182). Haskett's notice of appeal, filed one day after the deadline, will be considered timely. *See* FED. R. APP. P. 4(a)(5)(C). The Court **GRANTS IN PART** Haskett's request for transcripts at government expense (Dkt. 183). Haskett may obtain, at government expense, transcripts of the hearings held on June 13, 2017; September 15, 2017; and April 2, 2018 (Dkt. 76, Dkt. 93, and Dkt. 129).

The Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 18-40873.

SIGNED at Galveston, Texas, on November 28, 2018.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE